IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROWENA REYES, | § | |
| Plaintiff, | § | |
| vs. | § | No. 3:15-CV-01348-L |
| WELLS FARGO BANK, N.A., | § | |
| Defendant. | § | |

FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the District Court referred Defendant's Motion to Dismiss [ECF No. 24] to the United States Magistrate Judge. Order of Reference [ECF No. 27]. Defendant Wells Fargo Bank ("Wells Fargo") has filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, this Court recommends that the District court **GRANT** Defendant's Motion to Dismiss [ECF No. 24].

**Background**

Plaintiff, Rowena Reyes, originally filed this action in County Court at Law No. 2 of Dallas County, Texas, on November 19, 2014. Pl.'s Orig. Pet. [ECF No. 1-4]. Defendant timely removed this action to federal court on the basis of federal question (28 U.S.C. § 1331) and diversity jurisdiction (28 U.S.C. § 1332(a)). Def.'s Notice of Removal 3 [ECF No. 1]. Plaintiff filed her first amended petition on April 15, 2015. Pl.'s Am. Pet. [ECF No. 1-6]. Plaintiff alleges that she acquired fee simple title to real property located at 4863 Stallcup Drive, Mesquite, Texas 75150 (the "Property") on August 10, 2010. *Id*. at 2 ¶ 7 [ECF No. 1-6]. On the same day, Plaintiff executed a deed of trust with Service First Mortgage Company, L.P. ("SFMC"). *Id*. at 2 ¶ 7 [ECF No. 1-6]. SFMC, assigned its interest to Mortgage Electronic Registration Systems, Inc. ("MERS"), who then assigned its interest to Wells Fargo. *Id*. at 3 ¶ 8 [ECF No. 1-6]. Plaintiff then encountered financial difficulty and alleges she attempted to apply for mortgage assistance

1

with Wells Fargo. *Id*. at 3 ¶ 9 [ECF No. 1-6].  Plaintiff alleges that Wells Fargo advised her that it had reviewed her loan for loss mitigation, but failed to state the reasons for its decision that she did not meet the requirements necessary for assistance. *Id*. at 3 ¶ 10 [ECF No. 1-6].  Plaintiff alleges that the United States Department of Housing and Urban Development ("HUD") regulations required Wells Fargo to have held a face-to-face meeting and to provide her with information regarding loss mitigation options. *Id*. at 4 ¶ 16, 6-7 ¶¶ 25-30 [ECF No. 1-6]; 24 C.F.R. §§ 203.604, 203.605.  In May 2014, the law firm of Barrett, Daffin, Frappier, Turner & Engle, L.L.P. ("BDFTE") notified Plaintiff that it was servicing the note and sent Plaintiff conflicting information about the foreclosure sale of the Property. *Id*. at 4 ¶ 17, 5 ¶¶ 20, 22-23 [ECF No. 1-6].  The Property was sold by foreclosure sale on October 7, 2014, but Plaintiff alleges she did not receive notice. *Id*. at 6 ¶ 26 [ECF No. 1-6].  Plaintiff alleges that the foreclosure was conducted in violation § 51.002(b) of the Texas Property Code. *Id*. at 6 ¶ 27 [ECF No. 1-6].  Plaintiff further alleges that Wells Fargo committed "dual tracking" in violation of "specific guidelines" of the Consumer Finance Protection Bureau, the "National Mortgage Settlement Consent Order," and a "Stipulation and Consent to the Issuance of a Consent Order." *Id*. at 1 ¶ 1, 5 ¶ 19, 7 ¶ 30 [ECF No. 1-6].  Plaintiff seeks: (1) an order setting aside the October 7th foreclosure sale; (2) declaratory judgment; (3) a temporary restraining order enjoining Defendant from continuing with the eviction proceedings; (4) permanent injunctive relief; and (5) damages. *Id*. at 7-9 ¶¶ 31-36, 41, 43-44 [ECF No. 1-6].  The state court granted Plaintiff's motion for a temporary restraining order enjoining the eviction proceedings on April 17, 2015.  Def.'s Notice of Removal Ex. C-4 1-2 [ECF No. 1-7].  Defendant removed the action on April 30, 2015. *Id*. at 1 [ECF No. 1].

Defendant moves to dismiss all of Plaintiff's claims with prejudice under Rule 12(b)(6). *See* FED. R. CIV. P. 12(b)(6); Def.'s Mot. to Dismiss [ECF No. 24]. The motions have been fully briefed and the issues are ripe for determination.

## Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). In deciding a Rule 12(b)(6) motion, the court construes the plaintiff's complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

## I. Wrongful Foreclosure

Based upon her amended petition, the Court liberally construes Plaintiff's requested relief as a claim for wrongful foreclosure. *See* Pl.'s Am. Pet. 6 ¶¶ 26-27 [ECF No. 1-6]. Plaintiff asserts that she did not receive notice of the October 7, 2014, foreclosure sale in violation of Texas Property Code § 51.002(b). *Id.* at 6 ¶¶ 26-27 [ECF No. 1-6]. Defendant argues that Texas courts

3

have construed claims for failure to give notice, as required under § 51.002, as claims for wrongful foreclosure. Def.'s Mot. to Dismiss 3-4 [ECF No. 24].

In Texas, the elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Martinez v. Wells Fargo Bank, N.A.*, No. 3:13-CV-1700-L, 2014 WL 783477, at \*2 (N.D. Tex. Feb. 27, 2014) (citing *Biggers v. BAC Home Loans Serv., L.P.,* 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011)); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2009, no pet.). "Section 51.002 of the Texas Property Code governs the sale of real property under deeds of trust or other contract liens." *Covarrubias v. U.S. Bank, Nat'l Ass'n*, No. 3:13-CV-3002-B, 2015 WL 221083, at \*7 (N.D. Tex. Jan. 15, 2015). Section 51.002(d) provides that "[n]otwithstanding any agreement to the contrary, the mortgage servicer . . . shall serve a debtor in default . . . with written notice by certified mail stating that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of the sale can be given." *Covarrubias*, 2015 WL 221083, at \*7 (citations omitted). "Section 51.002(b) states that notice of sale, in turn, must be given at least twenty-one days before the date of the sale and specifies various locations where the notice must be made available." *Covarrubias*, 2015 WL 221083, at \*7 (citing TEX. PROP. CODE § 51.002(b)(1)-(3)).

Plaintiff's claim of wrongful foreclosure due to a lack of notice fails because "[s]ervice of notice is complete when the notice is sent via certified mail. . . . There is no requirement that [plaintiff] receive the notice." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing TEX. PROP. CODE § 51.002(e)). Additionally, "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Martins*, 722 F.3d at 256 (quoting TEX. PROP. CODE § 51.002(e)). Here, Defendant

4

offers the Substitute Trustee's Deed, dated October 8, 2014. Def.'s Mot. to Dismiss App. 4-6 [ECF No. 25]. Incorporated in the deed is "Exhibit A" which states by affidavit from Michael Harrison, as a representative of BDFTE, that service was proper and sent by certified mail at least 21 days before the date of sale. *Id*. at 6 ¶ 5-6 [ECF No. 25]. Defendant filed a copy of the deed with the Dallas County Clerk on October 20, 2014. *Id*. at 6 [ECF No. 25]. Plaintiff states in her petition she had previously received a copy of the note and deed of trust from BDFTE on June 25, 2014. Pl.'s Am. Pet. 5 ¶ 22 [ECF No. 1-6]. The Substitute Trustee's Deed also states, "[n]otices stating the time, place and terms of sale of the property were mailed, posted and filed, as required by law." Def.'s Mot. to Dismiss App. 4 [ECF No. 25]. The Property's address also appears at the top of the deed with Plaintiff's name as Grantor. *Id*. at 4 [ECF No. 25]. Plaintiff acknowledges receipt of two previous letters affirming notices of foreclosure sale of the Property, but not for the October 7, 2014, sale. Pl.'s Am. Pet. 4 ¶ 18, 6 ¶¶ 24-26 [ECF No. 1-6]. Plaintiff's allegations fail to raise a reasonable inference that there were defects in the foreclosure. *Warren v. Bank of Am., N.A.*, No. 3:13-CV-1135-M, 2013 WL 8177096, at *7 (N.D. Tex. Nov. 15, 2013).

    Further, Defendant argues that Plaintiff currently remains in possession of property and therefore her wrongful foreclosure claim fails. Def.'s Mot. to Dismiss 5 [ECF. No. 24]. This district has held that a Plaintiff does not have a claim for wrongful foreclosure due to present possession of the property. "[R]ecovery for wrongful foreclosure is premised upon one's lack of possession of the subject property." *Brackens v. Ocwen Loan Servicing*, *L.L.C.*, No. 3:13-CV-3458-L, 2015 WL 1808541, at *4 (N.D. Tex. Apr. 21, 2015) (citing *Baker v. Countrywide Home Loans, Inc.*, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009) (Boyle, J.) ("Because recovery [for wrongful foreclosure] is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure")).

5

Similar to *Brackens* and *Baker*, Plaintiff remains in possession of the property. *See* Pl.'s Am. Pet. 8 ¶ 38 [ECF No. 1-6].

Additionally, Plaintiff fails to show the third element of wrongful foreclosure which is a grossly inadequate selling price. *See Martins*, 722 F.3d at 256 ("A grossly inadequate price would have to be so little as 'to shock a correct mind'") (citations omitted). The Property sold for $76,360.00 at the foreclosure sale. Def.'s Mot. to Dismiss App. 4 [ECF No. 25]. In 2014, the Dallas Central Appraisal District evaluated the Property at a fair market value of $83,480.00. Def.'s Notice of Removal Ex. D [ECF No. 1-11]. The difference between the sales price and the estimated property value is not shocking and is therefore not "grossly inadequate." "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 591 (N.D. Tex. 2013) (quoting *Biggers*, 767 F. Supp. 2d at 729)).

Since there was no defect in the foreclosure sale proceeding and Plaintiff fails to allege how the sale price was grossly inadequate, both of which are required elements of a wrongful foreclosure action, Plaintiff has failed to state a claim for wrongful foreclosure under Texas law. The District Court should dismiss this claim.[1]

## II. Violation of HUD Regulations

Plaintiff has not pled a valid claim for violation of the HUD regulations. The HUD regulations objective is "not to provide mortgagors with a private remedy for a mortgagee's 'failure to follow,' but that they 'deal only with the relations between the mortgagee and the

---

[1] *Martins*, 722 F.3d at 256 ("Because there was no defect, and the sale price was not grossly inadequate, there was no wrongful foreclosure.").

[federal] government.'" *Lindsey v. JPMorgan Chase Bank Nat'l Ass'n*, No. 3:12-CV-4535-M-BH, 2013 WL 2896897, at *7 (N.D. Tex. June 13, 2013) (citing *Leggette v. Washington Mut. Bank, FA*, No. 3:03-CV-2909-D, 2005 WL 2679699, at *3 (quoting *Roberts v. Cameron–Brown Co.*, 556 F.2d 356, 360 (5th Cir. 1977)); *see also Moses v. Banco Mortgage Co.*, 778 F.2d 267, 271–72 (5th Cir. 1985) (holding that "neither the Federal Housing Act nor the HUD regulation [at issue] was intended directly to benefit" private plaintiffs). The regulations intent is to regulate conduct between Wells Fargo (the mortgagee) and the federal government, not to provide a private cause of action for the Plaintiff in this case. *See Reed v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 4:16-CV-017-A, 2016 WL 1029542, at *1 (N.D. Tex. Mar. 8, 2016) (holding no right of action for failure to comply with HUD regulations).

Here, Plaintiff alleges that Defendant violated the HUD regulations because it did not conduct a face-to-face meeting in accordance with 24 C.F.R. § 203.604. Pl.'s Am. Pet. 4 ¶ 16 [ECF No. 1-6]. Plaintiff alleges "Wells Fargo did not explain the reason(s) for its decision; did not explain the criteria it considered in making its decision; and did not offer any guidance in submitting an amended or supplemental request for mortgage assistance. The CFPB required Defendant to provide this information to Plaintiff." *Id.* at 4 ¶ 14 [ECF No. 1-6].

The Court agrees with Defendant that Plaintiff does not have a private cause of action for failure to comply with HUD regulations. Plaintiff's response only addresses that "[i]t can be inferred from the correspondence that Defendant failed to determine her eligibility for any/all FHA loan modification programs." Pl.'s Resp. 5 [ECF No. 30]. Violations of the HUD regulations do not provide Plaintiff with an implied private cause of action. *Reynolds v. Bank of Am., N.A.*, No. 3:12-CV-1420-L, 2013 WL 1904090, at *6 (N.D. Tex. May 8, 2013) ("violations of HUD regulations or the NHA do not provide a mortgagor plaintiff with an implied private cause of

action") (citations omitted). "As other courts have observed, the regulations promulgated under the National Housing Act govern relations between the mortgagee and the government, and give the mortgagor no claim for duty owed or for the mortgagee's failure to follow said regulations." *Mitchell v. Chase Home Fin. L.L.C.*, No. 3:06-CV-2099-K, 2008 WL 623395, at *3 (N.D. Tex. Mar. 4, 2008) (citing *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360-61 (5th Cir. 1977); *In re Miller*, 124 F. App'x 152, 155 (4th Cir. 2005); *Leggette v. Wash. Mut. Bank*, No. 3:03-CV-2909-D, 2005 WL 2679699, at *5 (N.D. Tex. October 19, 2005). Therefore, Plaintiff has failed to state a claim on this ground upon which relief can be granted and entitles Defendant to dismissal of this claim.

### III. *Violation of the Consent Decree*

Plaintiff alleges that Wells Fargo was wrongfully engaging in "dual tracking" by violating "specific guidelines" of the Consumer Finance Protection Bureau and the "National Mortgage Settlement Consent Order." Pl.'s Am. Pet. 7 ¶ 30 [ECF No. 1-6]. [2] Plaintiff alleges that Wells Fargo engaged in dual tracking by sending conflicting notices of the foreclosure of the Property. Pl.'s Am. Pet. 5-6 ¶¶ 19, 21, 25, 7 ¶ 30 [ECF No. 1-6]. Defendant asserts Plaintiff does not have

---

[2] Plaintiff's petition refers to the "National Mortgage Settlement Consent Order," the "specific guidelines of the Consumer Finance Protection Bureau," ("CFPB") and a "Stipulation and Consent to the Issuance of a Consent Order." The Court construes Plaintiff's reference to the "National Mortgage Settlement Consent Order" to refer to the consent judgment between Wells Fargo and the United States in *United States v. Bank of America, N .A. See generally United States v. Bank of America, N .A*, No. 1:12–CV–00361–RMC, Docs. 14 & 14-1 (D.D.C. Apr. 4, 2012). The "Stipulation and Consent to the Issuance of a Consent Order" and the "specific guidelines" refers to the Consent Order entered between Wells Fargo and the CFPB in January 2015. *See generally Consumer Fin. Prot. Bureau v. Wells Fargo*, No. 1:15-CV-00179-RBD, (D. Md. Feb. 05, 2015). Other courts have referred to these as "consent decrees." Plaintiff does not cite to any specific provisions of any of these orders or point to violations of the "specific guidelines" in her Petition or Response. Regardless, as stated in this recommendation, Plaintiff does not have standing to enforce either the consent order or consent judgment because she was not a party to it.

standing to enforce the consent judgment or the consent order. Def.'s Mot. to Dismiss 7-8 [ECF No. 24].

As the District Court has previously held, "[a] consent decree, however, is not a federal statute from which a private right of action may be implied. A consent decree is more akin to a contract or agreement between two parties. Plaintiffs have not alleged that they are parties to, or third-party beneficiaries of, the consent decree. . . . [C]ourts that have addressed this issue have held that mortgagors like Plaintiffs do not have standing to enforce a consent decree that banks have entered into with the government." *Reynolds,* 2013 WL 1904090, at *10 (Lindsay, J.); *see also Daniels v. JPMorgan Chase, N.A.,* No. 4:11–CV–616, 2011 WL 7040036, at *3 (E.D. Tex. Dec. 14, 2011) (holding plaintiffs lack standing to enforce consent decree). Even upon amendment, Plaintiff does not have standing to assert a claim for relief under the consent judgment or consent order.[3]

The undersigned recommends that since Plaintiff's pleadings fail to allege sufficient facts that she has standing to enforce the consent decree the District Court should dismiss this claim.

### IV. Declaratory Judgment and Injunctive Relief

Plaintiff's amended petition first requests for the court to set aside the foreclosure sale. Pl.'s Am. Pet. 7 ¶ 31-32 [ECF No. 1-6]. Plaintiff requests for a declaratory judgement of the rights, obligations, and interests of the parties. *Id*. at 7-8 ¶¶ 33-36 [ECF No. 1-6]. Plaintiff also requests for injunctive relief to prevent Defendant from engaging in eviction proceedings on the Property. *Id*. at 8 ¶ 41 [ECF No. 1-6]. Plaintiff requests for a temporary restraining order to restrain Defendant from continuing with eviction proceedings. *Id*. at 9 ¶ 43 [ECF. No. 1-6]. In Plaintiff's

---

[3] *See also US Bank Nat. Ass'n v. Flores,* No. 7:13-CV-334, 2014 WL 2959497, at *3 (S.D. Tex. July 1, 2014) (holding Plaintiff had no standing to enforce the Consent Judgment).

prayer for relief, she prays for monetary relief of more than $200,000.00, but not more than $1,000,000.00. *Id.* at 9 [ECF No. 1-6].

Plaintiff's request for a declaratory judgment cannot stand on its own. Plaintiff has failed to allege any valid claims against Wells Fargo. Therefore, the remedy of declaratory judgment is inappropriate and Plaintiff's declaratory judgment action should be dismissed.[4] *See Carter v. Bank of Am., N.A.*, No. 3:12-CV-4550-B, 2013 WL 1482610, at *3 (N.D. Tex. Apr. 9, 2013) (dismissing plaintiff's declaratory judgment requests where plaintiff failed to allege any viable causes of action). A declaratory judgment "is a procedural device and does not create a substantive cause of action." *Carter*, 2013 WL 1482610, at *3 (citing *Valdez v. Fed. Home Loan Mortg. Corp.*, No. 3:11–CV–1363, 2011 WL 7068386, at *3 (N.D. Tex. Nov. 28, 2011)).

Similarly, a request for injunctive relief under Texas law is not in and of itself a cause of action, but instead is predicated on an underlying cause of action. *Cooks v. Wells Fargo Bank, N.A.,* No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke-Ping Xie,* 260 S.W.3d 118, 122 (Tex. App. 2008, no pet.)); *see also Butanaru v. Ford Motor Co.,* 84 S.W.3d 198, 210 (Tex. 2002) (holding that injunctive relief requires that plaintiff first plead viable underlying cause of action). Because Plaintiff has failed to demonstrate any well-founded causes of action against Defendant, there is no underlying cause of action for which the

---

[4] Plaintiff additionally requests to amend her pleadings to supplement her claims with greater specificity. Pl.'s Resp. 2, ¶ 4 [ECF No. 30]. The Court recommends that since Plaintiff has already amended her complaint once any further amendment would be futile. *See Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit."). "The court may not dismiss a complaint under [R]ule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted).

Court can provide this equitable remedy. Accordingly, Plaintiff's request for injunctive relief should be denied.

Plaintiff asserts for the first time in her response that she made two separate $8,800.00 forbearance payments that Wells Fargo did not apply to her account prior to foreclosure. Pl.'s Resp. 5 ¶ 32 [ECF No. 30]. Plaintiff "seeks poof that these funds were indeed duly credited to her." *Id*. [ECF No. 30]. Plaintiff requests the return of her promissory note on the Property. *Id*. at 5 ¶ 33 [ECF No 30]. Plaintiff proposes the failure to return Plaintiff's property suggests Defendant may not have been a holder in due course. *Id*. at 6 ¶ 34 [ECF No. 30]. Since these considerations do not add or allege a valid claim they do not affect the dismissal of her claims. *Sheddy v. JPMorgan Chase Bank, N.A.*, No. 3:12-CV-2804-M-BF, 2013 WL 5450288, at *5 (N.D. Tex. Sept. 30, 2013). Further, Plaintiff is not entitled to add new claims to her complaint by way of her response. *Bennett v. JPMorgan Chase*, No. 3:12-CV-212-N-BH, 2013 WL 655059, at *7 n.7 (N.D. Tex. Feb. 5, 2013), *rec. adopted*, 2013 WL 655054 (N.D. Tex. Feb. 22, 2013) (refusing to consider new claim raised for first time in response to motion to dismiss).

Thus, the District Court should **deny** all of Plaintiff's requests for relief.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Motion to Dismiss [ECF No. 24] and dismiss with prejudice all of Plaintiff's causes of action.

**SO RECOMMENDED**, this _____ day of October, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

11

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).